# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**GARY W. TIPTON,**

    **Plaintiff,**

  v.                                 **Case No. 2:20-cv-4843**
                                             **Judge Sarah D. Morrison**
**OHIO HEALTH GRADY MEMORIAL**     **Magistrate Judge Chelsey M. Vascura**
**HOSPITAL,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Gary W. Tipton, an Ohio inmate who is proceeding without the assistance of counsel, brings this action alleging that he received inadequate medical care from Defendants, Ohio Health Grady Memorial Hospital and two hospital employees, Dr. Jane Doe and Nurse Jane Doe. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $0.66 in his prison account. Pursuant to 28 U.S.C. § 1915(a)(1), the custodian of Plaintiff's inmate trust accounts at Correctional Reception Center (Inmate ID 764382) is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10 until the full fee of $350 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to Plaintiff's Complaint, on January 25, 2020, he was taken to Ohio Health Grady Memorial Hospital following a suicide attempt.  The attempt was his second in sixteen hours, and the hospital the third he had visited.  Plaintiff was placed into a safe room with prison officials.  Dr. Jane Doe and Nurse Jane Doe were then briefed on the situation.  Dr. Jane Doe proceeded to examine Plaintiff and stated that she would be ordering an X Ray and sending Plaintiff back to Ohio State Hospital.  Plaintiff cautioned Dr. Jane Doe that his previous X Rays had failed to locate the razor blades.  Dr. Jane Doe then stated that she would be discharging Plaintiff, to which he objected.  Dr. Jane Doe located the foreign object in Plaintiff's abdomen, and, using a hemostat, attempted to remove it.  Dr. Jane Doe was unable to remove it.  According to Plaintiff, Dr. Jane Doe then gave him the hemostats and stated that he could remove it himself.  Plaintiff then attempted to remove the object.

Plaintiff names Dr. Jane Doe and Nurse Jane Doe as defendants in their individual capacities and has named Ohio Health Grady Memorial Hospital as a defendants in its official capacity.  Plaintiff seeks both punitive and compensatory damages for the staff's alleged "reckless or callous indifference to [Plaintiff's] rights."  He also seeks damages for his "pain and suffering."

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers."  *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted."  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff's Complaint fails to make clear whether he intends to assert a claim for violation of his constitutional rights under 42 U.S.C. § 1983 or merely a state-law medical malpractice claim. Regardless, for the reasons that follow, his claims are subject to dismissal under § 1915.

**A.     Plaintiff's § 1983 claims fail for lack of a state actor.**

To the extent Plaintiff intends to advance a cause of action under § 1983, he must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). Plaintiff's § 1983 claims fail because Plaintiff has failed to plausibly plead any allegations upon which this Court could rely to conclude that Defendants engaged in state action. *See Bryant Bruce v. Vanderbilt Univ., Inc.*, 974 F. Supp. 1127, 1142 (M.D. Tenn. 1997) (holding that private hospitals and their employees are generally not considered state actors under § 1983); *see also McDougald v. Miami Valley Hosp.*, No. 3:11CV00361, 2011 WL 5403649, at *2 (S.D. Ohio Oct. 19, 2011), *report and recommendation adopted*, 2011 WL 5403505 (S.D. Ohio Nov. 8, 2011) (recommending dismissal of prisoner's claim under § 1983 against private hospital for inadequate medical treatment). The undersigned therefore **RECOMMENDS** that any claims Plaintiff advances under § 1983 be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b).

**B.     Plaintiff's medical malpractice claims fail for lack of subject-matter jurisdiction.**

To the extent Plaintiff instead intends to advance a state-law medical malpractice claim, such a claim must be dismissed for lack of subject-matter jurisdiction. This Court can only exercise jurisdiction over state-law claims if there is complete diversity of citizenship between

all parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Plaintiff, an inmate in a Pickaway County, Ohio correctional facility, is a citizen of Ohio, and Plaintiff has not pleaded any facts to suggest that Defendants are not also Ohio citizens for diversity jurisdiction purposes.  Because diversity of citizenship is lacking, it is **RECOMMENDED** that the Court **DISMISS** any state-law malpractice claims **WITHOUT PREJDUCE** to filing in state court.  *See McDougald*, 2011 WL 5403649, at *2.

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**.  For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim on which relief may be granted and that any state-law claims be **DISMISSED WITHOUT PREJUDICE** to filing in state court.  Plaintiff's Motions to Appoint Counsel (ECF Nos. 2, 6) are **DENIED AS MOOT**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE