IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


GARY TIPTON,                        :        CASE NO.: 20cv-4843

                                   :        JUDGE MORRISON

              *Plaintiff*,          :        MAGISTRATE VASCURA

       v.                          :

OHIO HEALTH GRADY MEMORIAL
HOSPITAL, *et al*.,

                                   :

              *Defendants*.


## OPINION AND ORDER

This matter is before the Court for consideration of an Order and Report and

Recommendation (R&R) issued by the Magistrate Judge on November 13, 2020.

(ECF No. 11). In key part, the R&R recommends full dismissal of this action under

28 U.S.C. § § 1915(e)(2)(b) and 1915A(b) for failure to state a claim upon which

relief may be granted. *Id*. at 1. *Pro se* Plaintiff Gary Tipton, an Ohio inmate, objects.

(ECF No. 14.).


## BACKGROUND

The R&R correctly set forth an overview of this action as follows:

> According to Plaintiff's Complaint, on January 25,
> 2020, he was taken to Ohio Health Grady Memorial
> Hospital following a suicide attempt. The attempt was his
> second in sixteen hours, and the hospital the third he had
> visited. Plaintiff was placed into a safe room with prison
> officials. Dr. Jane Doe and Nurse Jane Doe were then
> briefed on the situation. Dr. Jane Doe proceeded to
> examine Plaintiff and stated that she would be ordering

1

> an X Ray and sending Plaintiff back to Ohio State Hospital. Plaintiff cautioned Dr. Jane Doe that his previous X Rays had failed to locate the razor blades. Dr. Jane Doe then stated that she would be discharging Plaintiff, to which he objected. Dr. Jane Doe located the foreign object in Plaintiff's abdomen, and, using a hemostat, attempted to remove it. Dr. Jane Doe was unable to remove it. According to Plaintiff, Dr. Jane Doe then gave him the hemostats and stated that he could remove it himself. Plaintiff then attempted to remove the object.
>
> Plaintiff names Dr. Jane Doe and Nurse Jane Doe as defendants in their individual capacities and has named Ohio Health Grady Memorial Hospital as a defendant[] in its official capacity. Plaintiff seeks both punitive and compensatory damages for the staff's alleged "reckless or callous indifference to [Plaintiff's] rights." He also seeks damages for his "pain and suffering."

(ECF No. 11 at 3.) The R&R concluded that dismissal was proper for two reasons. First, if Mr. Tipton's Complaint was construed as one under 42 U.S.C. § 1983, the Complaint failed to "plausibly plead any allegations upon which this Court could rely to conclude that Defendants engaged in state action" because private hospitals and their employees are not typically considered state actors under the statute. *Id.* at 6. Second, to the extent that the Complaint alternatively intended to assert state law medical malpractice claims, 28 U.S.C. § 1332(a) was not satisfied as the parties were not diverse. *Id.* at 6-7. Thus, the R&R recommended dismissing any state law malpractice claim without prejudice and holding Mr. Tipton's Motion to Appoint Counsel Moot. *Id.* at 7. The R&R also recommended granting Mr. Tipton's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § § 1915(a)(1) and (2). *Id.* at 2.

## STANDARD OF REVIEW

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). Because a nonpaying litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> > (A) The allegation of poverty is untrue; or
> >
> > (B) The action or appeal—
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A requires courts to screen complaints to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The same "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A] because the relevant statutory language tracks the language of Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). Thus, the Court

must construe the complaint in the light most favorable to the plaintiff and determine whether the factual allegations present a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In other words, a complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, "[p]*ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dep't*, 374 Fed. Appx. 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## ANALYSIS

Plaintiff's Objection takes issue only with the R&R's dismissal recommendation. He clarifies that his Complaint is meant to assert a claim under the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd as well as an Eighth Amendment claim pursuant to § 1983. (ECF No. 14 at 1-3.) As to the former, the act "places obligations of screening and stabilization

4

upon hospitals and emergency rooms that receive patients suffering from an 'emergency medical condition.'" *Roberts v. Galen of Va., Inc.*, 525 U.S. 249, 250 (1999). If an individual requests examination or treatment at a hospital emergency department, "the hospital must provide for an appropriate medical screening examination within the capability of the hospital's emergency department." 42 U.S.C. § 1395dd(a). If the hospital determines that the individual indeed suffers from such an emergency medical condition, it then must provide either "such treatment as may be required to stabilize the medical condition," or must provide "for transfer of the individual to another medical facility." 42 U.S.C. § 1395dd(b)(1)(A) and (B).

Mr. Tipton's Objection states that the Defendants committed medical malpractice by failing to medicate and stabilize him before authorizing his release in violation of the EMTALA. (ECF No. 14 at 2-5). But an EMTALA claim is "not a substitute for [a] state law [medical] malpractice action[], and [EMTALA] was not intended to guarantee proper diagnosis or to provide a federal remedy for misdiagnosis or medical negligence." *Estate of Taylor v. Paul B. Hall Reg'l Med. Ctr.*, No. 98-5052, 1999 U.S. App. LEXIS 16761, at *8 (6th Cir. July 15, 1999). His Objection to the R&R's dismissal of his medical malpractice claims is **OVERRULED** and those claims are **DISMISSED**.

The Complaint makes no mention of the EMTALA or any federal act that would establish federal question jurisdiction. A liberal construction of Mr. Tipton's Objection results in the Court construing the Objection as a Motion for Leave to

Amend his Complaint to assert an EMTALA claim against the Defendants. The EMTALA does not authorize a private right of action against individuals. *Bruce v. Great Britain*, No. 18-6149, 2020 U.S. App. LEXIS 8805, at *4 (6th Cir. Mar. 19, 2020) (citing *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 587 (6th Cir. 2009)). But the act does permit a cause of action against hospitals. *Moses*, 561 F.3d at 587 (6th Cir. 2009). Consequently, the Court **GRANTS** Mr. Tipton leave to amend his Complaint **only to assert an EMTALA claim <u>against Defendant OhioHealth Grady Memorial Hospital only</u>**. Mr. Tipton **shall file his Amended Complaint within <u>twenty-one days</u> of this Opinion and Order**. **FAILURE TO TIMELY FILE THE AMENDED COMPLAINT WILL RESULT IN THE DISMISSAL OF THIS CASE**.

Mr. Tipton's Objection establishes that dismissal of his § 1983 claim is proper. Mr. Tipton states that the Defendants, a private hospital and its employees, violated his Eighth Amendment rights by failing to perform necessary tests and by releasing him before he was stable. (ECF No. 14 at 5.) But as the Magistrate Judge correctly held, § 1983 requires a state actor and neither a private hospital nor its employees are state actors. (ECF No. 11 at 6)(citing cases). The Court thus **ADOPTS** the R&R's dismissal of his § 1983 claim and **OVERRULES** Mr. Tipton's Objection as to same.

<u>CONCLUSION</u>

The Court **ADOPTS** the R&R's recommendation that Mr. Tipton be granted IFP status.

The Court **OVERRULES** Mr. Tipton's Objection to the R&R's determination that dismissal of his § 1983 and medical malpractice counts was proper. The Court **ADOPTS** the R&R's recommendation to dismiss the §1983 count and the medical malpractice counts. Mr. Tipton's § 1983 claim and his medical malpractice claims are **DISMISSED**.

The Court **GRANTS** Mr. Tipton's Motion for Leave to Amend his Complaint <u>only</u> **to assert an EMTALA claim against Grady Memorial. Mr. Tipton shall file an Amended Complaint within twenty-one days of this Opinion & Order. IF MR. TIPTON FAILS TO TIMELY FILE HIS AMENDED COMPLAINT, THE COURT WILL DISMISS THIS CASE IN ITS ENTIRETY**.

Without objection, the Court **ADOPTS** the R&R's recommendation that Mr. Tipton's Motions to Appoint Counsel are **MOOT**. (ECF No. 11 at 7.) Mr. Tipton may re-file a Motion to Appoint Counsel if appropriate in light of this Opinion and Order.

Mr. Tipton's Objection (ECF No. 14) is **OVERRULED**.

The R&R (ECF No. 11) is **ADOPTED** in full.

**IT IS SO ORDERED**.

<u>s/ Sarah D. Morrison</u>
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**