UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY W. TIPTON,

      Plaintiff,

  v.                                  Civil Action 2:20-cv-4843
                                      Judge Sarah D. Morrison
OHIOHEALTH GRADY MEMORIAL       Magistrate Judge Chelsey M. Vascura
HOSPITAL,

      Defendant.

**OPINION AND ORDER**

Plaintiff, Gary Tipton, an incarcerated person who is proceeding *pro se*, brings this action against Defendant, OhioHealth Corporation d/b/a Grady Memorial Hospital, under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd.  (Pl's 2d. Am. Compl., ECF No. 32.)  This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 50), Defendant's Response in Opposition (ECF No. 51), and Plaintiff's Motion for Leave to Amend Prior Complaint, which the Court construes as Plaintiff's Reply (ECF No. 55).  For the following reasons, Plaintiff's Motion is **DENIED**.

        **I.**       **BACKGROUND**

Plaintiff commenced this action on September 16, 2020.  (ECF No. 1.)  With leave of Court, Plaintiff filed an Amended Complaint on February 16, 2021 (ECF No. 20), and a Second Amended Complaint on July 6, 2021 (ECF No. 32).  On September 13, 2021, the Court denied Defendant's Motion to Dismiss the Second Amended Complaint.  (Opinion and Order, ECF No. 38.)  On October 29, 2021, the Court entered a scheduling order setting the at-issue deadline for

motions to amend the pleadings as December 16, 2021.  (ECF No. 39.)  Discovery closes April 29, 2022, and dispositive motions are due on May 31, 2022.  (*Id.*)

Plaintiff filed the subject Motion on March 3, 2022, seeking leave to amend his Second Amended Complaint.  (Pl.'s Mot., ECF No. 50.)  Plaintiff argues that amendment is necessary because "new evidence has surfaced" that supports adding new claims and defendants.  (*Id.* at 1.)  Plaintiff does not identify *what* new evidence has surfaced, nor when it surfaced.  Plaintiff asserts that he was unable to seek leave to amend his Second Amended Complaint before the amendments deadline because medical issues prevented him from prosecuting his case.  (*Id.* at 2–3.)  Plaintiff explains that he was on suicide watch from early December 2021 through mid-January 2022, then in medical isolation through the beginning of February 2022, and then either hospitalized or in prison medical housing through the date on which he filed his Motion.  (*Id.*)

Defendant opposes amendment, arguing that Plaintiff has failed to demonstrate the necessary diligence in attempting to comply with the amendments deadline and that further amending the Second Amended Complaint at this stage of the case could prejudice Defendant's ability to meet the dispositive motions deadline.  (Def.'s Opp'n 2, ECF No. 51.)  Defendant points out that the medical events to which Plaintiff attributes his delay in seeking leave to amend occurred *after* the amendments deadline.  (*Id.*)  Defendant also notes that while Plaintiff was experiencing these medical events, Plaintiff made multiple filings on the docket and propounded discovery upon Defendant.  (*Id.*)  Defendant argues that "[i]f Plaintiff was able to file these documents . . . there is no reason he could not also prepare and serve other pleadings."  (*Id.*)

In his Reply, Plaintiff acknowledges that he filed several motions during the at-issue period, but attempts to distinguish those filings on the grounds that they were simple. (Pl.'s

Reply 4, ECF No. 55.)  Plaintiff states that he "did not learn the names of the defendants or the proper claims until recently when the prison system opened up the library [] to its population." (*Id.* at 4.)  Plaintiff attaches his proposed Third Amended Complaint in which he seeks to add seven new causes of action and sixteen new defendants. (*See* Proposed 3d Am. Compl. 2–4, ECF No. 55-3.)

## II. STANDARD OF REVIEW

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause.  *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)).  "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment."  *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15.  Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits

3

rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits"). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

### III. ANALYSIS

Plaintiff has failed to establish good cause to modify the case schedule. To demonstrate good cause under Rule 16, Plaintiff must demonstrate that he acted diligently in attempting to comply with the December 16, 2021 deadline to amend the pleadings. Plaintiff has not done so. Plaintiff's only explanation for why he could not seek leave to amend his Second Amended Complaint prior to the December 16 deadline is that his medical issues between December 2021 and March 2022 prevented him from doing so. However, other than Plaintiff's placement on prison suicide watch in "early December," all of Plaintiff's medical issues occurred *after* the amendments deadline. Plaintiff offers no explanation for why he could not seek leave to amend or an extension of the deadline for filing amendment *before* the deadline. Nor does Plaintiff satisfactorily explain why he was able to file other motions and propound discovery during this period but not seek an extension of the amendment deadline or file a motion to amend.[1] Finally,

---

[1] Between December 2021 and March 2022, in addition to filing a Notice of Change of Address and Request for a Status Conference (ECF No. 40), a Motion to Appoint Counsel (ECF No 41), and a Motion to Schedule a Pretrial Status Conference (ECF No. 43), Plaintiff drafted and served two sets of written discovery requests. (*See* Def.'s Opp'n 2, ECF No. 51 (summarizing discovery requests).)

Plaintiff does not identify the alleged "new evidence" underlying his requested amendment or when he learned of the new evidence. Rather, a cursory review of Plaintiff's proposed Third Amended Complaint makes clear that Plaintiff knew the facts underlying at least some of the proposed amendments long before the amendments deadline.  For instance, Plaintiff seeks to add The Ohio State University Wexner Medical Center as a defendant, though Plaintiff alleges facts about his care at Wexner in his Second Amended Complaint. (*See* Pl.'s 2d. Am. Compl. at ¶ 2, ECF No. 32.) The undersigned is therefore unable to conclude that Plaintiff could not have reasonably met the deadline for motions to amend the pleadings despite his exercise of diligence.

The Court must also consider possible prejudice to Defendant in extending the deadline for motions to amend the pleadings. Discovery closes in less than three weeks. Plaintiff's proposed amendments expand this single-defendant EMTALA action into a seventeen-defendant action under not just EMTALA, but also the United States Constitution and state law.  Such a "late and expansive amendment" would likely prejudice Defendant. *See Oatly AB v. D's Nats. LLC,* No. 1:17-cv-840, 2020 WL 2912105, at *7–8 (S.D. Ohio June 3, 2020) (denying leave to amend the complaint, finding defendant would be prejudiced where "[e]ven if no additional discovery were required," defendant "still would be required to address a total of fifteen claims rather than just three claims" that were originally pleaded); *see also Armatas v. Haws,* No. 21-3190, 2021 WL 5356028, at *4 (6th Cir. Nov. 17, 2021) (upholding denial of motion to amend the complaint brought two weeks before the discovery deadline, noting "[w]e have held that allowing new claims quite different from the original claims can result in significant prejudice to the defendants because of the need to reopen discovery and raise new defenses.") (quotations and citation omitted).

In sum, in the absence of a plausible explanation for why Plaintiff could not have moved to amend his Second Amended Complaint or sought an extension of the amendments deadline prior to the December 16, 2022 deadline, and in view of the prejudice that the proposed amendment would likely cause Defendant, Plaintiff's Motion is **DENIED**.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff has failed to demonstrate that good cause exists to modify the deadline for motions to amend the pleadings. Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 50) is therefore **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE