UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GARY W. TIPTON,

       **Plaintiff,**

  v.

OHIOHEALTH GRADY MEMORIAL HOSPITAL,

       **Defendant.**

Case No. 2:20-cv-4843
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

**OPINION AND ORDER**

Plaintiff, Gary Tipton, an Ohio inmate who is proceeding without counsel, brings this action against Defendant, OhioHealth Corporation d/b/a Grady Memorial Hospital, under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd. (Pl's 2d. Am. Compl., ECF No. 32.) This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 54) and Defendant's Response in Opposition and Motion for a Protective Order (ECF No. 56). This matter is further before the Court on Plaintiff's unopposed Motion to Extend the Scheduling Order (ECF No. 59). For the following reasons, Plaintiff's Motion to Compel is **GRANTED IN PART and DENIED IN PART,** Defendant's Motion for a Protective Order is **GRANTED,** and Plaintiff's Motion to Extend the Scheduling Order is **GRANTED**.

**I.**

The Court's August 26, 2021 Order and Report and Recommendation (ECF No. 37, *report and recommendation adopted,* ECF No. 38) sets forth the factual background, which the undersigned incorporates by reference.

Through written discovery, Plaintiff requested that Defendant produce "[c]omplete policies, procedures, and protocols for patients and doctors while under the care of OhioHealth Grady Memorial Hospital," as well as all policies relating to suicidal patients, hospital tools, and patients performing procedures. (ECF No. 54-1 at PAGEID ## 310–11.) Defendant objected to these requests as overbroad, unduly burdensome, lacking relevance, and confidential.

In the subject Motion to Compel, Plaintiff narrows his request to seek policies relating to suicidal patients, hospital tools, and patients performing procedures. Defendant acknowledges that policies and procedures relating to standard screening procedures may be relevant to Plaintiff's EMTALA screening claim, but continues to object to any broader scope of policies and further maintains that because its policies and procedures are confidential and proprietary, it cannot produce them in the absence of a protective order.

In his Motion to Extend the Case Schedule, Plaintiff seeks a thirty-day extension of the discovery deadline, citing mental health issues and limited access to the law library. Defendant has not opposed Plaintiff's requested extension.

## II.

Federal Rule of Civil Procedure 26(b)(1), which sets forth the permissible scope of discovery, provides:

> **Scope in General**. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). However, revisions to the Federal Rules of Civil Procedure in 2015 "encourage judges to be more aggressive in identifying and discouraging discovery overuse." Fed. R. Civ. P. 26, Advisory Committee Notes to the 2015 Amendment. "The proportionality standard is the instrument by which judges and practitioners are to bring about a change in the culture of discovery, requiring lawyers, with the guidance of involved judges, to 'size and shape their discovery requests to the requisites of a case.'" *Waters v. Drake*, 222 F. Supp. 3d 582, 605 (S.D. Ohio 2016) (quoting Chief Justice Roberts, 2015 Year-End Report on the Federal Judiciary, at 7).

"[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010) (quoting *Clumm v. Manes*, No. 2:08-cv-567, 2010 WL 2161890 (S.D. Ohio May 27, 2010)); *see also Berryman v. Supervalu Holdings, Inc.*, No. 3:05-cv-169, 2008 WL 4934007, at *9 (S.D. Ohio Nov. 18, 2008) ("At least when the relevance of a discovery request has been challenged the burden is on the requester to show the relevance of the requested information." (internal citation omitted)). However, the burden to demonstrate that the requested discovery would be disproportional to the needs of the case rests with the objecting party. *Bros. Trading Co. v. Goodman Factors*, No. 1:14-CV-975, 2016 WL 9781140, at *2 (S.D. Ohio Mar. 2, 2016) ("Rule 26(b)(1) does not place the burden of addressing proportionality considerations on the requesting party; nor does it permit the opposing party to

avoid responding simply by making a boilerplate objection on grounds of proportionality") (quoting Fed. R. Civ. P 26, Advisory Committee Notes to the 2015 Amendment).

### III.

The Court concludes that Plaintiff's requests, even as narrowed, remain overbroad. As discussed in the Court's August 26, 2021 Order and Report and Recommendation, Plaintiff has advanced both screening and stabilization claims under EMTALA. With respect to Plaintiff's screening claim, the Sixth Circuit has held EMTALA requires a hospital emergency room to provide the "screening the hospital would have offered to any paying patient." *Cleland v. Bronson Health Care Grp., Inc.,* 917 F.2d 266, 268 (6th Cir. 1990). With respect to Plaintiff's stabilization claim, the Sixth Circuit has held that EMTALA requires "doctors on duty or those doctors that would have been provided to any paying patient" to stabilize a medical condition "within the actual knowledge of the doctors" before transferring or discharging a patient. *Id*. at 268-69.

The foregoing authority demonstrates that Defendant's emergency room triage/screening policies/protocols are relevant and must be produced. *See Stringfellow v. Oakwood Hosp. and Med. Ctr.,* No. 03-cv-75188, 2005 WL 8154517, at *2 (E.D. Mich. Oct. 21, 2005) (compelling production of emergency department's screening policies and procedures); *Williams v. Baptist Healthcare Sys., Inc.,* No. 3:16-cv-236-CRS, 2018 WL 11399986, at *2–3 (W.D. Ky. July 24, 2018) ("The hospital emergency department policies and procedures at issue run directly to the heart of the parties' [EMTALA] dispute and therefore are clearly relevant within Rule 26(b)(1)."). In addition, if Defendant maintains more specific emergency room triage/screening policies/protocols should the initial triage identify a patient as suicidal, including any stabilization protocol,

4

such policies/protocols are also relevant and must be produced. To address Defendant's valid confidentiality concerns, the Court **GRANTS** its Motion for a Protective Order, and Defendant may produce these documents under the protective order, which will be docketed contemporaneously with this Opinion and Order.

Plaintiff's Motion to Compel is **DENIED** with respect to Plaintiff's requests for additional policies, including policies relating to "treatment procedures for suicidal patients," "[p]olicies on doctors and hospital tools [and] instruments," and policies relating to "allow[ing] patients to perform or assist in their own medical procedures," (Pl.'s Mot. to Compel ECF No. 54 at PAGEID ## 298-99). These additional policies lack relevance to Plaintiff's EMTALA screening and stabilization claims. *See Bentley v. Highlands Hosp. Corp.,* No. 7:15-cv-97-ART-EBA, 2016 WL 762686, at *4 (E.D. Ky. Feb. 23, 2016) (denying EMTALA plaintiff's motion to compel hospital policies/protocols as overbroad and unduly burdensome where the hospital had already produced "medical screening triage policies").

Finally, Plaintiff's unopposed Motion to Extend the Case Schedule, seeking a thirty-day extension of the discovery deadline is **GRANTED** for good cause shown. The new discovery deadline is **JUNE 10, 2022**. In addition, the Court ***SUA SPONTE* EXTENDS** the deadline by which Plaintiff must file his opposition to Defendant's Motion for Summary Judgment to **JUNE 24, 2022**, so that Plaintiff may complete discovery prior to filing his opposition.

## IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 54) is **GRANTED IN PART AND DENIED IN PART**, Defendant's Motion for a Protective Order (ECF No. 56) is **GRANTED**, and Plaintiff's Motion to Extend the Case Schedule (ECF No. 59) is **GRANTED**.

The discovery deadline is **EXTENDED** to **JUNE 10, 2022**, and Plaintiff's forthcoming memorandum in opposition is due **ON OR BEFORE JUNE 24, 2022**.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE