## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**GARY TIPTON,**

        **Plaintiff,**    :

  v.                                **Case No. 2:20-cv-4843**
                                       **Judge Sarah D. Morrison**
                                       **Magistrate Judge Chelsey M.**
**OHIOHEALTH GRADY**                    **Vascura**
**MEMORIAL HOSPITAL,**    :

        **Defendant.**

## ORDER

This matter is before the Court on the Magistrate Judge's April 12, 2022 Opinion and Order (ECF No. 58), and July 28, 2022 Order and Report and Recommendation (ECF No. 90).

**I.    April 12 Opinion and Order**

In her April 12 Opinion and Order, the Magistrate Judge denied Plaintiff Gary Tipton's Motion for Leave to File [a Third] Amended Complaint. (ECF No. 58.) Mr. Tipton filed his first objection on May 18, 2022 (ECF No. 67) and his second on May 27, 2022 (ECF No. 68, PageID 808–11). Defendant OhioHealth Corporation d/b/a Grady Memorial Hospital responded to Mr. Tipton's objections. (ECF No. 72, PageID 860–61.)

When a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may

reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (Kinneary, J.) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (Holschuh, J.) (citations omitted).

Although Mr. Tipton's objections were not timely, he explains that he was moved to a different housing unit at Mansfield Correctional Institution to quarantine and prepare for a mental health emergency transfer during the 14 day objection period. (ECF No. 68, PageID 808.) The Court will consider his objections on the merits.

Mr. Tipton's argues: (1) the Court should be more understanding as to his missed deadlines because he is not a lawyer, has significant medical and mental health issues, and was under strict, prison, Covid-19 restrictions (ECF No. 67, PageID 796–97); and (2) the filings he made while experiencing medical events were simple in nature (Defendants argued these filings indicate Mr. Tipton could have prepared and filed an amended pleading) (*id.* PageID 796; *see also* ECF No. 51, PageID 291).

The Court has carefully reviewed the record and considered all relevant briefing. Mr. Tipton's arguments in his objections were already addressed by the Magistrate Judge in the April 12 Opinion and Order, and the Court finds the Magistrate Judge's conclusions of fact and law neither clearly erroneous nor contrary to law, respectively. (ECF No. 58, PageID 543–45.) While the Court remains sympathetic to Mr. Tipton's medical and mental health issues and the challenges they present in litigating this action, the Court finds his Motion was properly denied. Accordingly, the Court **OVERRULES** Mr. Tipton's objections (ECF Nos. 67, 68, PageID 808–11) and **ADOPTS** and **AFFIRMS** the April 12 Opinion and Order (ECF No. 58).

**II.     July 28 Order and Report and Recommendation**

In her July 28 Order and Report and Recommendation, the Magistrate Judge denied Mr. Tipton's Motion for Zoom Conference (ECF No. 68, PageID 811), Motion to Appoint Counsel (*id.* PageID 803–08), Motion to Appoint Medical Expert (*id.* PageID 811–12), Motion for Additional Discovery under Federal Rule of Civil Procedure 56(d) (ECF No. 69), and Motion to Compel Further Discovery Responses (ECF No. 80). (ECF No. 90.) She also recommended OhioHealth's Motion for Summary Judgment (ECF No. 62) be granted. (*Id.*)

The time for filing objections has passed, and no objections have been filed. Mr. Tipton moved for extensions of time to file his objections on three separate occasions (ECF Nos. 93, 95, 97), and his motions were granted or granted in part (ECF Nos. 94, 96, 98). The most recent extension gave Mr. Tipton until January 4,

2023 to file his objections, but that date has come and gone without a filing from Mr. Tipton.

Thus, for the reasons set forth therein, the Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation. (ECF No. 90.) Mr. Tipton's Motions are **DENIED** (ECF Nos. 68, 69, 80), and OhioHealth's Motion for Summary Judgment is **GRANTED** (ECF No. 62).

### III. Conclusion

The Court **OVERRULES** Mr. Tipton's objections (ECF Nos. 67, 68, PageID 808–11) and **ADOPTS** and **AFFIRMS** the April 12 Opinion and Order (ECF No. 58). The Court **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation. (ECF No. 90.) Mr. Tipton's Motions are **DENIED** (ECF Nos. 68, 69, 80), and OhioHealth's Motion for Summary Judgment is **GRANTED** (ECF No. 62).

The Clerk is **DIRECTED** to **TERMINATE** this case from the docket.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**